Ms. Kirstan Conley, Staff Writer Arkansas Democrat-Gazette 2201 South Thompson Street, Suite 2B P.O. Box 5105 Springdale, Arkansas 72765
Dear Ms. Conley:
I am writing in response to your request, made pursuant to A.C.A. §26-19-105(c)(3)(B), for an opinion on whether the decision of the Rogers City Attorney to deny your request for personnel and other employment records of a former deputy municipal court clerk is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 to -109, as amended by Act 1653 of 2001. Specifically, you requested "all records and memos regarding the employment and termination of Rebecca Knox." The City Attorney responded by letter stating that: ". . . Ms. Knox was terminated pursuant to the City's at will employment policy and there are no records or memos regarding her termination. Any other employment records are a part of Ms. Knox's personnel file and are exempt from disclosure pursuant to A.C.A. § 25-19-105(b)(10)."
RESPONSE
It is my opinion that the City Attorney's blanket denial of access to personnel records is inconsistent with the FOIA. If in fact there are no records or memoranda evidencing Ms. Knox's termination, the custodian is not required to create or produce any. Your FOIA request, however, also broadly requests any records regarding Ms. Knox's "employment." A blanket denial of such a request, citing A.C.A. § 25-19-105(b)(10), (now renumbered as (b)(12) by Act 1653 of 2001) is inconsistent with the FOIA. The custodian, rather, is to review any personnel records to determine whether the release of any documents or information within documents would constitute a clearly unwarranted invasion of personal privacy or are shielded by any other pertinent exemption. Only those documents or portions of documents giving rise to such an invasion or otherwise exempted should be shielded and the remainder should be made available for inspection and copying.
Your request for records seeks both "employee evaluation or job performance records" and "personnel records." Different tests apply to the release of these two categories of records. Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Under the provisions of the FOIA, "personnel records" are subject to inspection and photocopying except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
The custodian has denied your request in toto, stating that there are no records regarding Ms. Knox's termination and her personnel records are exempt from disclosure under the "clearly unwarranted" test referenced in A.C.A. § 25-19-105(b)(12). In my opinion the blanket denial of access to personnel records is inconsistent with the FOIA.
Employee Evaluation or Job Performance Records
With regard to "employee evaluation or job performance records," there may indeed be no records reflecting, documenting or "form[ing] a basis" for Ms. Knox's termination. If that is the case, the custodian is not required by the FOIA to create and/or provide any records regarding the termination. See e.g., Op. Att'y Gen. 2000-305. If there are any other "employee evaluation or job performance records" pertaining to Ms. Knox's employment, however, they should be analyzed under the test set out above. For example, if there are any records that formed the basis for a previous suspension decision and all the other criteria are met, such records may be subject to release.
Personnel Records
With regard to any "personnel records" relating to Ms. Knox's employment, the distinct test for such records set out at A.C.A. §25-19-105(b)(12) (the "clearly unwarranted invasion" test) must be applied. A blanket denial of access to personnel records is inconsistent with the FOIA. See e.g., Ops. Att'y Gen. 2000-271; 99-283; 97-286; 97-077 and 96-193.
Neither the FOIA nor the judiciary has defined the term "personnel records." However, Professor Watkins offers some guidelines. He suggests that the records normally maintained in personnel files be considered a starting point. Such records, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll-related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). WATKINS, supra at 125-26. As noted above, Professor Watkins considers these personnel file records as merely a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (I should note that some of the records mentioned above may be subject to specific exemptions set forth in other sections of the FOIA, including the previously discussed exception for certain employee evaluation and job performance records.)
The FOIA further does not define the phrase "clearly unwarranted invasion of personal privacy." The Arkansas Supreme Court, however, has construed the phrase and adopted a balancing test:
 The fact that section 25-19-105(b)(10) [changed to A.C.A. § 25-19-105(b)(12) by Act 1653 of 2001] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings but allowed release of the records of the examination with the names deleted. The court relied upon federal case law that finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidates' lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidates' names deleted.
Other federal case law illustrates further types of information whose release might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: Personal histories, religious affiliations of employees, Church of Scientology v. Department ofDefense, 611 F.2d 738 (9th Cir. 1979); citizenship, United StatesDepartment of State v. Washington Post Co., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980); social security numbers, Swisher v. Dept. of the Air Force, 660 F.2d 369 (5th Cir. 1981); information about family life, Providence Journal Co. v. F.B.I.,460 F. Supp. 778, reversed on other grounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption, Rural Housing Alliance v.Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, dates and places of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981);Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
The foregoing test is to be used in determining whether the records that have been requested are subject to disclosure (or are exempt from disclosure) as "personnel records." As discussed above, the only records (or portions of records) that may be shielded are those whose release would give rise to a "clearly unwarranted invasion of personal privacy" or which are exempted by some other specific exception, such as the exemption for medical records or the exemption for "employee evaluation or job performance records" discussed above. The exempt portions should be excised and the remainder made available for inspection and copying.
In my opinion, therefore, the custodian's blanket denial of access to personnel records is inconsistent with the FOIA.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh